IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GERALD R. St. VINCENT,**

        **Petitioner,**

    v.                                **CIVIL ACTION NO. 3:08cv186**
                                            **(Judge Bailey)**

**WARDEN JOEL J. ZIEGLER,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

This matter is pending before me for Report and Recommendation pursuant to LR PL P 83.09. On January 22, 2009, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 alleging that he had been denied adequate medical treatment at FCI Morgantown. On February 17, 2009, the petitioner paid the $5.00 filing fee.

### I. PETITION

The petitioner alleges that he suffers from severe back pain due to a degenerative spinal column. He further alleges that the Veteran's Administration ("VA") has determined that he is 100% disabled. The petitioner maintains that prior to his entry into the Bureau of Prisons ("BOP"), the VA had successfully addressed his condition through physical therapy, a special mattress, and pain medication. However, since surrendering to the BOP on July 5, 2007, the petitioner maintains that his medical condition has become worse. In addition, the petitioner alleges that he has developed a skin condition known as Dysmdrotic Eczema. As relief, he is seeking to be transferred to a BOP medical facility that is equipped to treat his medical condition or be placed on home

confinement for the remainder of his sentence.

## II. ANALYSIS

The petitioner is not entitled to any relief under §2241 because he is not challenging the legality of his custody and does not seek the immediate or speedier release from imprisonment. Rather, he is challenging the conditions of his confinement or a violation of his civil rights, and these are not claims which can be brought in a habeas corpus petition. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (federal habeas relief extends to prisoners challenging the fact or duration of imprisonment and § 1983 actions apply to inmates making constitutional challenges to conditions of confinement). See also Lee v. Winston, 717 F.2d 888 (4th Cir. 1983). To pursue the claims raised in his petition, the petitioner must file a lawsuit governed by Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 399 (1971),[1] and pay the $350.00 filing fee.

## III. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition (Doc. 1) be DENIED without prejudice to the respondent's right to file a Bivens action.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C.

---

[1] In Bivens, the Supreme Court created a counterpart to §1983 so that individuals may bring suit against a federal actor for violating a right guaranteed by the Constitution or federal law. Because petitioner is a federal prisoner, he must therefore file a Bivens action as opposed to one under §1983.

2

§ 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: February 26, 2009

                                                    /s/ James E. Seibert
                                                    JAMES E. SEIBERT
                                                    UNITED STATES MAGISTRATE JUDGE