# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**GERALD R. ST. VINCENT**,

        Petitioner,

v.                                         **Civil Action No. 3:08-cv-186**
                                                      **(BAILEY)**

**WARDEN JOEL J. ZIEGLER,**

        Respondent.

## ORDER OVERRULING OBJECTIONS TO THE REPORT AND RECOMMENDATION AND ORDER ADOPTING REPORT AND RECOMMENDATION

This case is pending before this Court on the Opinion/Report and Recommendation (hereinafter "R&R") filed by Magistrate Judge James E. Seibert [Doc. 10] and the Petitioner's Objections to Report and Recommendation [Doc. 12] regarding petitioner's Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]. After reviewing the R&R, the record, and the arguments of the parties, the Court finds that petitioner's objections to the R&R should be **OVERRULED**, the R&R should be **ADOPTED**, and petitioner's Application under § 2241 should be **DENIED**.

## BACKGROUND

On December 29, 2008, petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 alleging that he has been denied adequate medical treatment at FCI Morgantown. [Doc. 1]. On February 17, 2009, petitioner paid the $5.00 filing fee. [Doc. 9]. In his petition petitioner represented that he suffers for severe back pain due to a

1

degenerative spinal column. [Doc. 1]. He also alleged that the Veteran's Administration (hereinafter "VA") has determined that he is 100% disabled.

Petitioner argues that his condition was successfully addressed prior to the time he surrendered to the Bureau of Prisons (hereinafter "BOP") through physical therapy, a special mattress, and pain medication. [Doc. 1]. Since being in BOP custody, however, petitioner claims his condition has worsened. (Id.) Additionally, he maintains that he has developed a skin condition known as Dysmdrotic Eczema. (Id.) As relief, petitioner seeks to be transfered to a BOP medical facility that is equipped to treat his medical condition or to be placed on home confinement for the remainder of his sentence. (Id.)

On February 26, 2009, Magistrate Judge James E. Seibert issued a Report and Recommendation in which he recommended that all of petitioner's claims be denied without prejudice with regard to petitioner's right to file a ***Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics***, 403 U.S. 399 (1971), action. The R&R found that because petitioner is not challenging the legality of his custody and does not seek immediate or speedier release from imprisonment, petitioner's claim is not cognizable under § 2241. The Magistrate Judge also noted that petitioner's claim would be properly brought under ***Bivens*** as petitioner is making constitutional challenge to the conditions of his confinement. (citing ***Preiser v. Rodriguez***, 411 U.S. 475, 499-500 (1973), ***Lee v. Winston***, 717 F.2d 888 (4th Cir. 1983)).

## PETITIONER'S OBJECTIONS

On March 9, 2009, petitioner filed Objections to Report and Recommendation [Doc. 12]. Petitioner objects to the R&R on the following grounds: (1) he is challenging the

conditions of his confinement; (2) he is entitled to medical care for his conditions; and (3) the failure of the BOP to provide proper care makes his imprisonment illegal. [Doc. 12]. The Court will address each objection in turn:

1. Petitioner argues that the Magistrate erred in finding that petitioner was not challenging the conditions of his confinement. This is, however, exactly what the R&R stated: that because petitioner was challenging the conditions of his confinement and <u>not</u> the legality of his custody, petitioner's claim is not cognizable under §2241. Petitioner's objection on this point is, therefore, **OVERRULED**.

2. Petitioner also objects on the basis that he is entitled to medical care for his condition. As laid out in the R&R, however, a claim as to the conditions of petitioner's confinement must be brought under § 1983 pursuant to *Bivens*, 403 U.S. 399 (1971). Petitioner's objection on this point is, therefore, **OVERRULED**.

3. Finally, petitioner argues that the BOP's failure to provide proper medical care for his condition makes petitioner's confinement illegal. Although petitioner may have a claim that the conditions of his confinement are unconstitutional, that allegation raised in a § 2241 petition does not make petitioner's confinement illegal. Petitioner has not raised an issue with regard to the legality of his sentence, but only the conditions of his confinement. Petitioner's objection on this point is, therefore, **OVERRULED**.

## CONCLUSION

For the reasons stated above:

1. The Magistrate Judge's Opinion/Report and Recommendation [Doc. 10] is **AFFIRMED** and **ADOPTED** as it recommends petitioner's § 2241 petition [Doc. 1] be

denied and dismissed without prejudice as it relates to petitioner's right to file a ***Bivens*** action.

2. Petitioner's § 2241 [Doc. 1] is hereby **DENIED** and **DISMISSED without prejudice** as it relates to petitioner's right to file a ***Bivens*** action; and is **STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to all counsel of record herein and to mail a copy to the *pro se* petitioner.

**DATED**: April 29, 2009

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE